IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. RDB-17-0248 |
| MICHAEL MCKENZIE TALLEY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

Defendant Michael McKenzie Talley ("Defendant" or "Talley"), proceeding *pro se*, was sentenced on April 23, 2019 to a period of 198 months' imprisonment after pleading guilty to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). (Judgment & Commitment Order ("J&C"), ECF No. 295.) Talley is currently incarcerated at United States Penitentiary ("USP") Lee in Jonesville, Virginia. Presently pending is Talley's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 316.) A hearing is not necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Talley's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 316) is DENIED without prejudice because Talley has failed to demonstrate that he fully exhausted his administrative remedies.

A prisoner may request a reduction in sentence to time served—sometimes called compassionate release—for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.

Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). As Judge Blake of this Court has recognized, the First Step Act authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Talley has failed to demonstrate that he exhausted his administrative remedies. On September 4, 2020, Talley, proceeding *pro se*, filed the presently pending Motion for Compassionate Release, citing generally his concerns over the COVID-19 Pandemic within the Bureau of Prisons in addition to concern for his family at home. (ECF No. 316.) On September 14, 2020, the Clerk of this Court mailed Talley a letter informing him of the required procedures to pursue his Motion for Compassionate Release. (ECF No. 317.) These procedures include filing a request with the warden of his institution pursuant to 18 U.S.C.

§ 3582(c)(1)(A), providing relevant medical records if his release is sought based on a health condition, and providing the same to the Office of the Federal Public Defender ("FPD") in an effort to assist the FPD and the Court in evaluating his Motion. (*Id.*)  Talley did not file any response with this Court and, on October 14, 2020, the Office of the FPD filed correspondence stating that it had not received any documents regarding Talley's exhaustion of administrative remedies and that it would not be supplementing Talley's Motion or asking for appointment of counsel in this matter. (ECF No. 320.)  Talley has failed to provide any indication that he attempted to exhaust his remedies before seeking relief from this Court. Specifically, Talley has not demonstrated that he petitioned the Bureau of Prisons for release and that 30 days have elapsed. Accordingly, his Motion is premature.

Even if Talley had exhausted his administrative remedies, he does not identify any extraordinary and compelling reason to justify his release. Talley's Motion raises general concerns over the COVID-19 Pandemic and the spread of COVID-19 in prison. (*See* ECF No. 316.)  He also cites concern for his family at home. (*Id.*)  Johnson does not, however, make any particular complaints about his own medical conditions nor has he provided any evidence that he is particularly susceptible to COVID-19. While the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities, "[f]ear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release." *See United States v. Taylor*, No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) (denying without prejudice compassionate release for failure to exhaust administrative remedies and also noting that defendant failed to identify any extraordinary and compelling reason to justify release).

3

Accordingly, it is HEREBY ORDERED this 27th day of October, 2020 that Defendant's Motion for Compassionate Release (ECF No. 316) is DENIED without prejudice.

_____/s/_____
Richard D. Bennett
United States District Judge