IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-17-248 |
| MICHAEL MCKENZIE TALLEY, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On April 23, 2019, Defendant Michael McKenzie Talley ("Defendant" or "Talley") was sentenced by this Court to a term of 198 months (16.5 years) of imprisonment after pleading guilty to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 295.) Specifically, this Court imposed a sentence of 198 months as to Count I of the Superseding Indictment and 198 months as to Count VII of the Superseding Indictment, to be served concurrently. (*Id.*) This sentence was agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which authorizes parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . [and] []such recommendation or request binds the court once the court accepts the plea agreement[.]" FED. R. CRIM. P. 11(c)(1)(C). Furthermore, this sentence included resolution of not only this case, but a violation of supervised release in *United States v. Talley*, Crim. No. ELH-13-364, Crim. No. RDB-13-364. (ECF No. 271 ¶¶ 9, 11; ECF No. 283 *SEALED* 67–69.) In addition, it also included resolution of a pending criminal case in the United States District Court for the District of Columbia. (ECF No. 271 ¶¶ 9, 11; ECF No. 283 *SEALED* ¶ 67–

1

69.) Talley, who is now 35 years old, is currently incarcerated at FCI McDowell with a projected release date of September 23, 2031. *See* Find an Inmate, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/inmateloc/(search "57107-037") (last accessed May 29, 2024).

Presently pending before this Court is Talley's *pro se* Motion for Compassionate Release under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Talley's Motion for Compassionate Release" or "Talley's Motion") (ECF No. 346). Talley asserts that his sentence should be modified due to an intervening change in the law regarding the sort of prior conviction that qualifies as a career offender predicate conviction. (Id. at 5.)[1] The Government has responded in Opposition (ECF No. 352; ECF No. 355), and Talley has replied (ECF No. 356). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Talley's Motion for Compassionate Release (ECF No. 346) is DENIED.

## BACKGROUND

The parties stipulated to the underlying facts in Talley's Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 271 Attach. A.) As part of an investigation into heroin trafficking, the Federal Bureau of Investigation's Safe Streets Task Force ("SSTF") identified Talley as a member of a drug trafficking organization and drug conspiracy operating in Anne Arundel County, Maryland. (*Id.*) On May 10, 2017, after surveilling and intercepting Talley's cellular telephone calls and text messages, law enforcement officers executed a federal warrant to search Talley's residence and vehicle. (*Id.*) As noted in

---

[1] Talley's *pro se* Motion for Compassionate Release is liberally construed to assert that his sentence should be reduced due to an intervening change in law.

the parties' stipulation of facts, "[o]fficers recovered from the vehicle a quantity of heroin, a schedule I controlled substance." (*Id.*) Furthermore, "[t]he location of the heroin, the manner of the packaging of the heroin, and the quantity of the heroin, demonstrated that the heroin was possessed with the intent to distribute the heroin to other persons." (*Id.*)

On August 22, 2017, a federal grand jury indicted Talley and eight co-defendants in a fourteen-count indictment raising various drug trafficking charges. (ECF No. 16.) Talley was charged in four counts: conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 ("Count I"); possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count VII"); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 2, 924(c) ("Count VIII"); and possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 2, 922(g)(1) ("Count IX"). (*Id.* at 2–3, 9, 10, 11.) At the time of his indictment, Talley was on state and federal supervision for prior criminal convictions, such that his arrest resulted in an additional charge for violation of supervised release ("VOSR"). (ECF No. 283 *SEALED* ¶ 67-69.) The District of Washington, D.C., also charged Talley with conspiracy to distribute and possess with the intent to distribute heroin in relation to the same events ("D.C. Offense"). (*Id.*)

On September 5, 2018, Talley entered into a plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),[2] resolving three separate offenses—the instant offense, the

---

[2] As explained above, a plea agreement made in accordance with Rule 11(c)(1)(C) means that the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." FED. R. CRIM. P. 11(c)(1)(C). In this case, both parties agreed that a sentence of exactly 198 months' imprisonment was appropriate. (ECF No. 271 ¶ 9.)

3

D.C. Offense, and the VOSR. (ECF No. 271 ¶ 11.)  Under the plea agreement, Talley admitted that "he knowingly possessed the heroin, and that he did intend to distribute that heroin to other persons," and he "knowingly conspire[d] with other persons to distribute 100 grams or more of heroin the District of Maryland." (ECF No. 271 Attach. A.)  On April 23, 2019, the Court accepted the plea agreement and sentenced Talley to 198 months' (16.5 years') imprisonment.  (ECF No. 295.)  This sentence reflected Talley's classification as a career offender[3] based on the instant, "controlled substance" offense of possession with the intent to distribute heroin, and "two prior qualifying convictions for career offender predicate convictions: armed robbery in 2012, and [conspiracy and] possession with the intent to distribute oxycodone in 2013."[4]  (ECF No. 352 at 6.)  Due to the career offender designation, Talley's base offense level went from 24 to 34.  (ECF No. 271 ¶ 6; ECF No. 283 *SEALED* ¶ 14-26.)  This enhanced base level resulted in a joint sentencing recommendation of 198 months.  (ECF No. 271 ¶ 9.)

On June 27, 2023, Talley filed the instant *pro se* Motion for Compassionate Release under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(A)), seeking compassionate release on the grounds that if he were to be sentenced today, he would not qualify as a career offender, and would therefore receive a lesser sentence.  (ECF No. 346.)  Specifically, Talley asserts that

---

[3] Under U.S.S.G. § 4B1.1(a),
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[4] In its response in opposition to the Defendant's Motion, the Government first noted that the 2013 conviction was for possession with the intent to distribute oxycodone. (ECF No. 352 at 6.)  The Government subsequently clarified that this initial assertion was incorrect, and the 2013 conviction "was for conspiracy to distribute and possess with intent to distribute oxycodone . . . ." (ECF No. 355 at 1.)

4

he was sentenced as a career offender based on his 2013 conviction for conspiracy to distribute and possess with intent to distribute oxycodone, but the law has since changed such that inchoate offenses like conspiracy no longer qualify as controlled substance offenses under the guidelines. (ECF No. 356 at 1-2.) Accordingly, Talley moves for a sentence reduction to reflect the appropriate offense level. (*Id.* at 1.) The Government has responded in opposition (ECF No. 352; ECF No. 355), and Talley has replied (ECF No. 356). Talley's motion is now ripe for review.

## STANDARD OF REVIEW

As Talley has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a

showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i).

### I. Talley Has Satisfied the Administrative Exhaustion Requirement.

Talley has exhausted the administrative remedies prescribed in 18 U.S.C. § 3582(c)(1)(A). Under § 3582(c)(1)(A), a petitioner must demonstrate that "[h]e has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Talley filed correspondence with this Court indicating that on May 15, 2023, he filed a request with his warden to file a motion requesting a sentence modification in accordance with § 3582(c)(1)(A), but the warden denied his request. (ECF No. 346-1.) Talley subsequently filed the Motion that is the subject of this Memorandum Opinion on June 27, 2023.  (ECF No. 346.)  Accordingly, Talley has exhausted his administrative remedies as required under § 3582(c)(1)(A).

### II. Talley Fails to Raise Extraordinary and Compelling Circumstances to Justify Compassionate Release.

Nevertheless, Talley has not presented extraordinary and compelling reasons to support his compassionate release.  The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t).  As noted above, the Commission has identified six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction.  These reasons include:

    (1) a serious medical circumstance of the defendant;
    (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
    (3) the death or incapacitation of an immediate family member;
    (4) the defendant being a victim of abuse while in custody;
    (5) other reasons of similar gravity as (1)–(4); and
    (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6).

    In his Motion, Talley requests that this Court consider correcting his sentence on the grounds that if he were to be sentenced today, he would receive a lesser sentence. (ECF No. 346 at 5.) With the career offender designation, Talley's base offense level was elevated to 34. This offense level was then reduced by three-levels given his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)–(b), resulting in an advisory sentencing guidelines range of 188–235 months. (ECF No. 283 *SEALED* ¶ 14.) Without this career offender designation, Talley's base offense level would have been equal to 24, with the possibility of further reduction by three-levels given his acceptance of responsibility, thus resulting in an advisory sentencing guidelines range of 70–87 months. (*Id.*) Talley contends that absent this career offender designation, his sentence would have been shorter by 118–148 months.

    Ultimately, Talley's request for a sentence reduction is most consistent with U.S.S.G. § 1B1.13(b)(6), which provides:

> **Unusually long sentence**.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

7

U.S.S.G. § 1B1.13(b)(6). Under this subsection, a defendant must demonstrate the following elements: (1) he "received an unusually long sentence"; (2) he "has served 10 years of the term of imprisonment"; and (3) due to the change in law, there is a "gross disparity between the sentence being served and sentence likely to be imposed at the time this motion is filed." § 1B1.13(b)(6); *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024).

In this case, Talley fails to satisfy all the elements required to demonstrate that he received an unusually long sentence. First and foremost, Talley has not served at least 10 years of his sentence. Talley has served approximately eight years of his 16.5-year sentence and will have served ten years as of May 5, 2027. Accordingly, he has not satisfied the second element required for relief under § 1B1.13(b)(6). *See, e.g.*, *United States v. Johnson*, Crim. No. RDB-18-0178, 2024 WL 2956095, at *4 (D. Md. June 12, 2024) (finding that motion for compassionate release was premature because the defendant had not yet served ten years); *United States v. Battle*, Crim. No. TDC-16-0108, 2024 WL 2751121, at *2 (D. Md. May 29, 2024) (explaining that the defendant did not demonstrate an extraordinary and compelling reason under § 1B1.123(b)(6) in part because he had not yet served ten years); *see also United States v. Thomas*, 2024 WL 4345294, at *1 (7th Cir. Sept. 30, 2024) (concluding that the defendant was ineligible for a reduced sentence under § 3582(c)(1)(A)(i) as he had not yet served at least 10 years of his sentence in accordance with § 1B1.13(b)(6)).

Additionally, in his Motion, Talley argues that, due to an intervening change in the law, his 2013 conviction for conspiracy to distribute controlled substances no longer qualifies as a career offender predicate conviction, and, therefore, he would not be considered a career offender if sentenced today. (*See* ECF No. 356 at 2.) Talley cites three cases in support of his

8

argument, most notably, *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). In *Dupree*, the U.S. Court of Appeals for the Eleventh Circuit held that the definition of a "controlled substance offense" did not include inchoate offenses, such as conspiracy. *Id.* at 1279. The Eleventh Circuit's decision in *Dupree* reflects a larger circuit split regarding courts' deference to the formerly included Application Note 1 to U.S.S.G. § 4B1.2(b). *United States v. White*, 97 F.4th 532, 537-38 (7th Cir. 2024). This application note specified that inchoate offenses were to be included in the definition of "controlled substance offense" and "crime of violence." § 4B1.2(b) appl. n.1.[5]

Fourth Circuit precedent is consistent with the Eleventh Circuit: both courts have declined to expand the definitions for career offender predicate convictions to include inchoate offenses. *See United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022); *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). In *United States v. Campbell*, the U.S. Court of Appeals

---

[5] The United States Supreme Court in *Stinson v. United States* held that "commentary in the Sentencing Guidelines Manual that interprets or explains a guideline is authoritative, unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." 508 U.S. 36, 38 (1993). Given this decision, several circuit courts have concluded that the Sentencing Commission's commentary in Application Note 1 of § 4B1.2 is authoritative as it relates to inchoate offenses qualifying as career offender predicate convictions. *See White*, 97 F.4th at 539 (explaining that Application Note 1 did not impermissibly expand the definition of "controlled substance offense" and "crime of violence" to include inchoate offenses); *United States v. Vargas*, 74 F.4th 673, 684 (5th Cir. 2023) (finding that the commentary is consistent with the guidelines); *United States v. Maloid*, 71 F.4th 795, 805 (10th Cir. 2023) (concluding that the commentary can be reconciled with the guidelines (citing *United States v. Martinez*, 602 F.3d 1166 (10th Cir. 2010))); *United States v. Smith*, 989 F.3d 575, 585 (7th Cir. 2021) (stating that there is no conflict between the commentary and guidelines (citing *United States v. Adams*, 934 F.3d 720 (7th Cir. 2019))); *United States v. Jefferson*, 975 F.3d 700, 708 (8th Cir. 2020) (explaining that the commentary is consistent with the guidelines and within the Commission's authority (citing *United States v. Mendoza-Figueroa*, 65 F.3d 691 (8th Cir. 1995))); *United States v. Lewis*, 963 F.3d 16, 18 (1st Cir. 2020)(concluding that the commentary is consistent with the guidelines as the guidelines do not explicitly include nor exclude inchoate offenses (citing *United States v. Piper*, 35 F.3d 611 (1st Cir. 1994))); *United States v. Richardson*, 958 F.3d 151, 154 (2d Cir. 2020)(stating that Application Note 1 is not inconsistent or plainly erroneous of § 4B1.2). However, the Fourth Circuit has since held that that this is inconsistent with the guidelines and therefore not authoritative. *See United States v. Campbell*, 22 F.4th 438,444 (4th Cir. 2022)*; see also United States v. Castillo*, 69 F.4th 648, 658 (9th Cir. 2023) (explaining that the text of § 4B1.2(b) explicitly excludes inchoate offenses); *Dupree*, 57 F.4th at 1279. Despite the circuit split, therefore, in the Fourth Circuit inchoate offenses do not constitute predicate offenses for the purposes of career offender designations.

9

for the Fourth Circuit held that the U.S. Sentencing Commission's commentary in Application Note 1, extending the definition of "controlled substance offense" to include inchoate offenses, was "plainly inconsistent with the [U.S. Sentencing] Guidelines" and thus the court declined to adopt this expansive definition.  22 F.4th at 444.  This confirmed the Fourth Circuit's earlier decision in *United States v. Norman*, which the Government cites in its correspondence to this Court concerning the Talley's Motion for Compassionate Release. (ECF No. 355 at 1); *see also Norman*, 935 F.3d at 237–38.  Given existing Fourth Circuit precedent declining to extend the definitions for career offender predicate convictions to include inchoate offenses, this Court acknowledges that Talley may not have been considered a career offender if sentenced today.[6]  However, regardless of Talley's status as a career offender, he has not yet served at least 10 years of his sentence in accordance with § 1B1.13(b)(6).[7]  For the reasons discussed herein, Talley fails to present and extraordinary and compelling reasons to justify compassionate release.

---

[6] Notably, Amendment 822 of the U.S. Sentencing Guidelines, effective November 1, 2023, specifically includes inchoate offenses such as "aiding and abetting, attempting to commit, or conspiring the commit any such offense" within the textual definitions of a "crime of violence" and "controlled substance offense." U.S.S.G. § 4B1.2(d).  There is a growing trend amongst district courts in recognizing this amendment as it relates to career offender status and motions for compassionate release.  *See, e.g., United States v. Diaz*, 2024 WL 3228347 (E.D.N.Y. June 27, 2024) (stating that the Sentencing Commission explicitly included inchoate offenses in § 4B1.2(d) as it relates to career offender status); *United States v. Nelson*, 2024 WL 2050273, at *5 (S.D. Ohio May 8, 2024) (concluding that the defendant's argument that he would not qualify as a career offender if sentenced today fails as he did not consider § 4B1.2(d)); *United States v. Hubbard*, 2024 WL 1514567, at *3 (N.D. Ohio Apr. 8, 2024) (explaining that defendant's status as a career offender would not change under § 4B1.2(d)).  As a result, Talley's prior conviction for conspiracy to distribute controlled substances may qualify as a career offender predicate conviction.  The Court does not reach this inquiry, however, because Talley has not satisfied the elements required for relief under U.S.S.G. § 1B1.13(b)(6).
[7] Talley can refile on this basis after he has completed ten years of his sentence.

**III.   The 18 U.S.C. § 3553(a) Factors Do Not Support Talley's Early Release.**

Finally, Talley's Motion for Compassionate Release is inconsistent with the factors provided in 18 U.S.C. § 3553(a).[8] In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit made clear that "not all defendants . . . should receive new sentences," and that "courts should be empowered to relieve some defendants of those sentences on a case-by-case basis." 981 F.3d at 286–87. Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *Id.* at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a). On balance, the § 3553(a) factors do not support Talley's early release.

Talley's personal history and characteristics, the nature and seriousness of his offense, and the need for the sentence to reflect the seriousness of the offense and protect the public support his current sentence.[9] Talley had a substantial criminal history, including resisting

---

[8] As Judge Hollander of this Court explained in *United States v. Elder*, Crim. Nos. ELH-17-0384, ELH-18-0408, 2024 WL 3819128, at *10 (D. Md. Aug. 13, 2024), a court need only consider the 18 U.S.C. § 3553(a) factors if it concludes that extraordinary and compelling reasons warrant a sentence reduction. The basis for denial of Talley's Motion in this case is his failure to identify extraordinary and compelling reasons for relief. The Court briefly notes, however, that even if Talley had shown such reasons for relief, the § 3553(a) factors still disfavor a sentence reduction in this case.

[9] Talley does not refer to the § 3553(a) factors in his Motion, but his substantive arguments most directly address the applicable guideline range. As previously noted, Talley's designation as a career offender significantly elevated his base offense level from 24 to 34, and consequently increased the applicable guideline range from 70-87 months to 188–235 months. Talley's status as a career offender is in doubt given Fourth Circuit precedent

11

arrest, armed robbery, and a federal narcotics conviction.[10] (ECF No. 352 at 8; ECF No. 283 *SEALED* ¶ 30-37.) As Judge Bredar of this Court has recognized, "[a] violation of 21 U.S.C. § 846 for involvement in a narcotics conspiracy is an undoubtedly serious offense." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *3 (D. Md. June 17, 2020). In this case, Talley's sentence reflects not only his participation in a heroin conspiracy in violation of § 846 and possession of heroin in violation of 21 U.S.C. § 841(a)(1), but also the gravity of his commission of these offenses while on supervised release for a prior federal narcotics conviction. (ECF No. 283 *SEALED* ¶ 68; ECF No. 352 at 8). His sentence—to which all parties agreed under Federal Rule of Criminal Procedure 11(c)(1)(C)—thus addressed the instant offense, the D.C. Offense, and the resulting VOSR, all of which related to drug trafficking activities.[11] (*Id.* at 2-3, 8-9; ECF No. 271 ¶ 11.) In resolving these three separate offenses in accordance with the plea agreement, Talley received the exact term of imprisonment jointly recommended by both parties. (ECF No. 271 ¶ 9); *see United States v. Bond*, 56 F.4th 381, 384–85 (4th Cir. 2023) (explaining that in weighing § 3553(a) factors, courts should avoid disturbing the terms and benefits of a plea agreement absent compelling circumstances, particularly when the exact sentence negotiated in the agreement is imposed).

---

establishing a narrow definition of a "controlled substance offense" and "crime of violence" as qualifying career offender predicate convictions. *Campbell*, 22 F.4th at 444; *Norman*, 935 F.3d at 237–38.

[10] Talley's disciplinary history provides a mixed view that neither fully supports nor fully goes against reducing the current sentence. (ECF No. 354-1.)

[11] To the extent that there are any sentencing disparities with co-defendants, Talley's substantial criminal history and sentencing for three distinct offenses accounts for his harsher sentence. *See United States v. Roush*, 848 F. Appx. 578, 578–79 (4th Cir. 2021) (mem.) (unpublished) (explaining that defendant's participation and sentencing for separate embezzlement scheme in addition to fraud offense warranted a greater sentence compared to co-defendant sentenced only for fraud offense). As a result, the need to avoid unwarranted sentencing disparities among similarly situated defendants does not favor relief in this case. Additionally, neither party has offered significant evidence of rehabilitation efforts, such that the need for rehabilitative services neither favors nor disfavors relief.

Accordingly, the § 3553(a) factors weigh strongly against relief in this case, and Talley's Motion (ECF No. 346) is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Compassionate Release (ECF No. 346) is DENIED.

A separate Order follows.

/s/
_____
Richard D. Bennett
United States Senior District Judge


Dated: June 5, 2025